# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

RICHARD SHEPPARD ARNOLD UNITED STATES COURTHOUSE

600 W. CAPITOL, ROOM A403

LITTLE ROCK, ARKANSAS 72201-3325

(501) 604-5140

Facsimile (501) 604-5149

**April 19, 2012**

Mr. Floyd Clardy, III
Dedman & Handschuch, PLLC
12225 Greenville Avenue, Suite 202
Dallas, TX 75243

Mr. Ted Boswell
Mr. John Ellis
Boswell Law Firm
Post Office Box 798
Bryant, AR 72089-0798

Mr. Jack T. Lassiter
Ms. Erin Cassinelli
Lassiter & Cassinelli
813 West Third Street
Little Rock, AR 72201

Mr. Charles A. Banks
Banks Law Firm, PLLC
Post Office Box 251310
Little Rock, AR 72225-1310

Ms. Patricia Sievers Harris
Ms. Angela S. Jegley
Ms. Jane Duke
Mr. Patrick Harris
U. S. Attorney's Office - Little Rock
Post Office Box 1229
Little Rock, AR 72203-1229

Re: *United States v. Garret Sorensen, et al.* -- 4:09-CR-00163-BWR

Dear Counsel:

We will have a pretrial hearing in Courtroom A401 (Historic Courthouse) at 1:45 p.m. on Wednesday, April 25, 2012.

If I haven't decided the issues before that time, I will hear counsel with regard to the following:

Doc. Nos. 194, 220, 260, 253. It appears to me that the income tax returns are probably admissible. I will need to hear more specifically, but briefly, from the Prosecution as to why the incorrectness of the income tax returns is admissible, and why under-reporting is admissible.

Doc. Nos. 216, 252, 260. Again, I am inclined to believe the income tax returns are admissible on these issues, but, again, I will need to hear from the Prosecution more specifically about why "incorrectness" is relevant. The Prosecution will also have to explain more precisely why a photo of the Sorensen home is relevant. Ditto the 2006 residential loan application.

Doc. Nos. 215, 248, 255, and 259. It seems to me that the change in the reason for termination so that USA Drug could get reimbursed is relevant, and I do not see how the relevance can be shown without showing that the change was to obtain insurance proceeds. I will give the Government a chance to argue, <u>briefly</u>, this point.

Is there any evidence in the record to establish that changing the reason for termination did have any effect on the collectibility of insurance proceeds? I know that the Defendants make this argument, but is it, in fact, correct?

What evidence is there that USA Drug sought a criminal indictment so that they could more effectively pursue insurance proceeds? Defendants will need to enlighten me on this point. Furthermore, what difference does it make (that is, what is the relevance) if they did seek an indictment for this purpose?

Doc. Nos. 218, 249, 256, 258. The Prosecution did use a manifestly improper procedure in an attempt to thwart legitimate discovery in a civil case. The Prosecution continues to incorrectly style the properly noticed deposition in the civil case as an attempt at an "end run" around the Federal Rules of Criminal Procedure. This is a mischaracterization, as I have noted before. It is obviously true that the Defendants would like to discover, in the civil case, information that would be helpful to them in their defense of the criminal case, but, contrary to what the Government argues, their pursuit of this matter was entirely legitimate. During a hearing on this matter, the Government admitted this fact orally, but obviously has retreated from this concession.

Be all of this as it may, I am having a hard time visualizing how this improper procedure would be admissible at the criminal trial, and it has not been made clear by the Defendants. As an example, a question in my mind is what witness or witnesses would testify to this. Defendants will have to draw a much finer bead on the issue before I will permit the broaching of this subject during the trial.

Doc. No. 257. I need to be more fully, but briefly, advised in the premises with regard to the Prosecution's objection as to Mr. Steve Sheets.

I look forward to hearing you on the 25th.

Cordially

/s/ Billy Roy Wilson

Original to the Clerk of the Court