IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

vs.                               4:09-CR-00163-01-BRW

GARRET SORENSEN

## ORDER

During Garret Sorensen's October 1, 2012 sentencing hearing, I deferred the issue of restitution. For the reasons set out below, I find that restitution in the amount of $296,991.24 is mandatory.

On May 2, 2012, Sorensen pled guilty to one count of mail fraud and one count of money laundering. Under 18 U.S.C. § 3663A, restitution to victims of fraud is mandatory.[1] In fraud cases, restitution is limited to the actual loss "directly caused by the defendant's criminal conduct in the course of the scheme alleged in the indictment."[2] Both the United States Sentencing Guidelines ("U.S.S.G.") and 18 U.S.C. § 3664 allow a sentencing court to credit an amount for legitimate services rendered by a defendant when determining a victim's actual loss.[3] The defendant must prove legitimate services by the greater weight of the evidence.[4]

According to the Government's expert, MMM (Sorensen's straw company) marked up invoices to USA Drugs by $484,935.77. This is the starting point for calculating actual loss. After the fraud was discovered, but before Sorensen was indicted, USA Drug received

---

[1] 18 U.S.C. § 3663A(c).

[2] *United States v. Gregoire*, 638 F.3d 962, 973 n.3 (8th Cir. 2011).

[3] U.S.S.G. § 2B1.1 n.3(E); 18 U.S.C. § 3664(e); *United States v. Bryant*, 655 F.3d 232, 243 (3d. Cir. 2011); *United States v. Sutton*, 582 F.3d 781, 783-84 (7th Cir. 2009).

[4] 18 U.S.C. § 3664(e).

$157,944.93 from an escrow account funded by Sorensen. The $157,944.93 recovery must be deducted from MMM's $484,935.77 mark-up, reducing that figure to $326,990.84.

During the October 1, 2012 sentencing hearing, Special Agent Karen Vorhes testified as to the services that MMM performed for USA Drug, as compared with the services that ACG, MMM's predecessor, provided. ACG provided services that MMM did not. For example, in addition to placing advertisements, ACG identified newspapers in which USA Drug ads were best suited; ACG negotiated rates, but apparently MMM did not; ACG was obligated to pay the newspapers in a timely manner; and Agent Vorhes's testified that MMM did not identify any new vendors, but simply adopted the vendors already identified and used by ACG. Considering Agent Vorhes's testimony, the parties' various pleadings, the method and amount ACG charged USA Drug, and the insurance company's valuation of legitimate services provided by MMM, I find that Sorensen should receive credit for legitimate services in the amount of $30,000. Legitimate services in the amount of $30,000 reduces the amount to $296,990.84. I find that $296,990.84 is the amount of actual loss.

On March 9, 2009, USA Drug and its insurer, Westchester Fire Insurance Company, executed a release and assignment under which USA Drug received $371,122.46[5] in satisfaction of its employee dishonesty claim.[6] In exchange, USA Drug assigned to Westchester all rights, claims, title, and interest which USA Drug had against Garret Sorensen.

Sorensen argues that an insurance company is not a victim within the meaning of 18 U.S.C. § 3663A, and thus is not entitled to restitution. But under 18 U.S.C. § 3664,

---

[5]The full settlement amount was $421,122.46, but the $50,000 deductible was applied before the settlement was distributed.

[6]In determining restitution, a court cannot consider the fact that the victim has received compensation in the form of insurance proceeds. 18 U.S.C. § 3664(f)(1)(B); *United States v. Frazier*, 651 F.3d 899, 907-08 (8th Cir. 2011).

restitution may be ordered payable to an insurance company.[7] Because USA Drug assigned its rights and claims against Garret Sorensen to the insurance company, restitution in the amount of $296,990.84 is payable to ACE North American Claims, which apparently acquired Westchester.[8] During incarceration, Sorensen will pay 50% per month of all funds that are available to him. During residential re-entry placement, payments will be reduced to 10% of the Sorensen's gross monthly income. Beginning the first month of supervised release, payments will be 10% per month of Sorensen's monthly gross income. The interest requirement is waived.

The presentence report questioned whether USA Drug should recover the deductible that was applied to its insurance claim. Between the insurance settlement and the amount taken from the escrow account (a total of $529,067.39), USA Drug has fully recovered its actual losses, so this issue is moot.

There also was a question about what should happen to the roughly $46,000 remaining in the escrow account, which is jointly controlled by Jason LaFrance and Katherine Sorensen. I do not have jurisdiction over the owners of the account and cannot make a decision about the distribution of that sum.

---

[7] A court may order restitution payable to an insurance company, "but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to" the insurance company. 18 U.S.C. § 3664(j)(1); *United States v. Schmidt*, 675 F.3d 1164, 1167-68 (8th Cir. 2012). Because USA Drug is the only victim, and because USA Drug has already recouped its loss in full, restitution payable to the insurance company is appropriate.

[8] Ace North American Claims
525 W. Monroe, Suite 700
ATTN: Heather Mathias
Claim No. JY07J028
Chicago, IL 60661

In *Stephen LaFrance Holding, Inc. v. Garret Sorensen*,[9] the Circuit Court of Pulaski County, Arkansas, ordered the U.S. Attorney's Office to pay lawyer's fees and expenses to the lawyers for the Sorensen family (Garret Sorensen was awarded $4,170; Katherine Sorensen was awarded $5,240; and Shannon Walters was awarded $3,292.00). The Circuit Court found that the U.S. Attorney's office had wrongfully removed this action to federal court, therefore lawyer's fees were awarded.

At the October 1 hearing, the Government argued that these sums should be considered as assets to be paid to USA Drug as a part of Garret Sorensen's restitution. The U.S. Attorney's Office advised that it would appeal the state court decision.

Assuming that the state court ruling is upheld on appeal (I express no opinion on this), it seems to me that the Government is saying, "the money awarded for our wrongful treatment of the Sorensens should go to the benefit of USA Drugs." This company was a LaFrance family enterprise at the times relevant to this case, and the LaFrances were allies of the Government in the effort in state court to block discovery -- the effort the state court found wrongful, as did I in this Court.

In my view, the Government's position on this point has a tincture of cheekiness. The request is denied.

IT IS SO ORDERED this 4th day of October, 2012.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[9]Case No. 60CV-11-2775 (Sep. 19, 2012), Circuit Court of Pulaski County, Arkansas.